UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROSS EDWARD DILLARD,            )
                                )
        Plaintiff,               )
                                )
    v.                          )    No. 4:17 CV 2573 RWS
                                )
MISSOURI DEPT. OF CORR., et al., )
                                )
        Defendants.              )

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner at Missouri Eastern Correctional Center ("MECC"), seeks leave to proceed in forma pauperis in this civil action brought pursuant to 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses an initial partial filing fee of $.25, which is twenty percent of his average monthly deposit. See 28 U.S.C. § 1915(b). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." Id. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. Determining

whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Id. at 679.

### The Complaint

Plaintiff, an inmate at the MECC, states that when he was incarcerated at Algoa Correctional Center in 2016, he filed a complaint at Algoa pursuant to the Prison Rape Elimination Act ("PREA"), under the "staff sexual harassment section."[1] Plaintiff claims that in March of 2017, he was verbally threatened by defendant Mark Memhardt at MECC "over the situation." Plaintiff does not provide any additional information as to what the threat allegedly involved or what situation he is purportedly referring to.

Plaintiff asserts that "a complaint was filed in the . . . Attorney General's Office with consumer advocate Danielle Rackers re complaint No. CC-2017-06-000710 (MDOC)." Plaintiff alleges that "the situation is that [there was a] patronizing excuse of [an] appeal response signed by Deputy Director Earls" which plaintiff believes "is not a valid response considering the fact that two correctional officers can know each other personally."

Plaintiff also states that "nowhere in any 'plea bargain' that I accepted from the Courts included harassment of any type or threats by employees." Plaintiff alleges that he has been verbally "harassed" and is suing for "pain and suffering." Plaintiff seeks monetary damages in his complaint.

### Discussion

The complaint fails to state a claim against the Missouri Department of Corrections ("MDOC"), as it is not a "person" subject to suit under 42 U.S.C. § 1983. See, e.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991); Hatfield

---

[1] Plaintiff does not provide any factual information relating to his PREA complaint.

v. Missouri Dep't of Corr., No. 4:14-CV-1820-RWS, 2014 WL 6473647, at *2 (E.D. Mo. Nov. 18, 2014).

Additionally, verbal threats or harassment, without more, do not invade a federally-protected right. Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986). Thus, plaintiff has not alleged a constitutional violation against Mark Memhardt in this action under § 1983.

Furthermore, to the extent plaintiff is asserting that Alan Earls violated his civil rights by responding to his grievance appeal in a patronizing manner, his assertions do not rise to the level of a constitutional violation. "Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F. 3d 605, 609 (7th Cir. 2007) (citations omitted).

Last, to the extent that plaintiff is attempting to sue defendants under the PREA, the complaint is legally frivolous and does not provide a federal cause of action. The PREA "does not create a right of action that is privately enforceable by an individual civil litigant." E.g., LeMasters v. Fabian, No. 09–702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009); Chinnici v. Edwards, No. 1:07–cv–229, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008) ("The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. 42 U.S.C. § 15601 et seq. The statute does not grant prisoners any specific rights.").

To the extent that plaintiff's request for monetary damages for "pain and suffering" and "emotional distress" can be interpreted as state law claims for relief, the Court declines to exercise supplemental jurisdiction over these claims and will dismiss them without prejudice. See 28 U.S.C. § 1367(c).

3

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. # 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $.25 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that to the extent plaintiff has raised any state law claims in this action, the Court declines to exercise supplemental jurisdiction over these claims, and **DISMISSES** them, without prejudice. See 28 U.S.C. § 1367(c).

An Order of Dismissal will accompany this Memorandum and Order.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 6th day of February, 2018.

---

[2] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).